FILED
APR 0 5 2012
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ANTHANY KADEN and<br>JEFFREY J. MORAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ROBERT DOOLEY, Warden, Mike Durfee<br>State Prison; JENNIFER STANWICK,<br>Associate Warden, LORI DROTZMAN,<br>GED teacher and Law Library Supervisor;<br>KIM LIPPENCOTT, Unit Coordinator;<br>LAYNE SCHRYVERS, Unit Manager,<br><br>    Defendant. | CIV 11-4158-RHB<br><br><br><br><br><br>ORDER |

    Plaintiff, Anthany Kaden, moves to amend the complaint in this matter. Kaden, along with plaintiff Jeffrey Moran, commenced this action under 42 U.S.C. § 1983 alleging their constitutional rights were being violated by defendants' failure to provide them with proper legal resources and access to courts. Upon screening the complaint pursuant to 28 U.S.C. § 1915A(b), the Court found that plaintiffs had failed to state a claim upon which relief could be granted. Specifically, the Court found that plaintiffs failed to show how they had been injured by the alleged inadequacies of the law library or lack of available legal assistant. Now, Kaden wishes to amend the complaint to reflect that he was forced to request a court-appointed attorney to assist with his petition for writ of habeas corpus and to assist in pursuing an action due to the "incomplete and insufficient" law library. Kaden

also alleges that he was injured when he "lost" his court action due to an inability to show injury.

Again, the Court finds that Kaden fails to state a claim upon which relief may be granted. "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." White v. Katuzky, 494 F.3d 677, 680 (8th Cir. 2007) (citing Christopher v. Harbury, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002); Lewis v. Casey, 518 U.S. 343, 355, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)). Feeling one must request a court-appointed attorney does not establish an actual injury. Likewise, the dismissal of a claim that lacked merit does not substantiate an actual injury. As a result, the Court finds that Kaden's proposed amendment to the complaint is insufficient to state a claim upon which relief may be granted. Having failed to present a viable claim in the proposed amended complaint, the Court finds that the motion to amend should be denied. Accordingly, it is hereby

ORDERED that plaintiff's motion to amend the complaint (Docket #20) is denied.

Dated this 5-th day of April, 2012.

BY THE COURT:

*Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE